FILED
2008 Oct-31 AM 08:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Judith Clark,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | |
| **Oxford Management Services, Inc.,** | ) | **JURY TRIAL DEMANDED** |
| a corporation and Paul West, an | ) | |
| individual, | ) | |
| | ) | |
| **Defendants.** | ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's/Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), negligent, reckless and wanton training and supervision by the Defendants, and invasions of the Plaintiff's right of privacy by the Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. The Plaintiff, Judith Clark, is a natural person who resides in the City of Ardmore, County of Limestone, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Oxford Management Services, Inc., is a collection agency operating from an address of 135 Maxess Road, Melville, New York 11747, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Paul West is a natural person employed by Defendant Oxford Management Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiff will specifically amend her complaint if and when the Defendant identified as Paul West provides different information to her if the Defendant's name, Paul West, is incorrect.

## FACTUAL ALLEGATIONS

7. Beginning in November, 2007, the Plaintiff began receiving phone calls from the Defendants leaving messages stating " this is not a solicitation it is in regards to an important business matter, please call 866-822-6749 to discuss."

8. On or about November 7, 2007, the Plaintiff decided to return the phone calls left by the Defendants and was able to speak with someone live. She was told by the Defendants that she owed a bill from LabCorp for services on February 5, 2004. The Plaintiff explained that she had settled this years ago and that she did not owe the debt at all and that she refused to pay it. She was transferred to several different

2

people who would yell at her, screaming that she owed the debt. Finally, she spoke with someone whom she was told was a supervisor for Defendant Oxford Management Services, Inc. She told the supervisor that she did not owe this debt. The supervisor for the Defendant stated that the Plaintiff did owe the bill and even though she may have disputed this debt, that the Defendants were not obligated to respond to her. Defendant's supervisor further stated that the Defendants could charge whatever they wanted to and that she had to face the fact that she needed to pay this bill immediately. Even though the Plaintiff kept stating to her that she did not owe the bill, the Defendant's supervisor stated that if the Plaintiff could pay the bill that day, that it could be "settled" for $104.00. The Defendant's supervisor then stated that if the debt was not paid that day, that she would go ahead and "file the paperwork" immediately. She kept yelling and screaming at the Plaintiff so the Plaintiff finally hung up the phone.

9. The calls continued unabated for the next month. Various phone numbers would show up on the Plaintiff's caller ID including 866-822-6749, 570-504-7973, and 610-230-7201. The Plaintiff continued to try to ignore the calls and did not respond to any of the several phone calls she received until approximately December 5, 2007. At that time, Defendant Paul West identified himself as working with Defendant Oxford Management Services, Inc. and stated that he was the senior caretaker of her account. The Plaintiff then stated to Defendant Paul West that she did not owe the debt and specifically why she disputed it. He stated that he did not

the Plaintiff that he had a signed document proving that the Plaintiff did in fact owe the bill and that the Plaintiff needed to see it immediately before he went ahead and just filed the paperwork. He further told the Plaintiff by message to call him back immediately at phone number 1-800-729-4560 extension 358.

12. Panicked and upset, the Plaintiff then returned Defendant Paul West's call. The Plaintiff stated to the Defendant that she was not sure why they were even calling her since she knew they had received her letter. Defendant Paul West stated that he wanted to fax this document over because he could prove she owed the bill and that before the Defendants filed the paperwork that the Plaintiff should see it. The form was faxed to the Plaintiff that afternoon and Defendant Paul West called her back and left another message stating that she should have now received the fax and asked her how she would like to handle paying the account. See Exhibit B. The Plaintiff then returned the call of Defendant Paul West and reminded him that he should not be contacting her by phone at all. Ignoring her repeated requests not to be contacted, Defendant Paul West asked the Plaintiff what she thought of the signed documents he sent. The Plaintiff then informed Defendant Paul West that her signature was not on it at which time she was placed on hold. Defendant Paul West then placed the Plaintiff on hold and then his "supervisor", who was the same woman that the Plaintiff had spoke with back in November, got on the phone and screamed at the Plaintiff "Look! You asked us to send you a detailed bill, we have done that! Now you need to pay this bill!" The Plaintiff then informed the

Defendant's supervisor that she did not owe the bill to which the Defendant's supervisor stated that she works with LabCorp all the time and knows for a fact that the bill is correct and that the Plaintiff had to pay the bill immediately. She further screamed at the Plaintiff including yelling at her that she could either "pay this bill today or we will just go ahead and file the paperwork."

13. The conduct of Defendants Oxford Management Services, Inc. and Paul West in harassing Plaintiff Judith Clark in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)1, 1692c(a)3, 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), and 1692f, amongst others.

### *Summary*

14. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of privacy at the Plaintiff's home and work.

### **TRIAL BY JURY**

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from each and every Defendant herein.

### COUNT II.

### INVASION OF THE RIGHT OF PRIVACY

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants undertook and or directed a series of communications to the home and work place of the Plaintiff constituting an invasion of privacy, as set out and

7

described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for the Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

21. Said invasions were intentional, willful, and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were employees of and acting on behalf of the named Defendants.

22. As a result of such invasions of the right of privacy, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

25. The Defendants knew or should have known that said conduct was improper.

26. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

27. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors on the FDCPA as it related to communications with consumers.

28. The Defendants' actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

29. As a result of the Defendants' negligence, recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for the Plaintiff;

### COUNT II.

### INVASION OF THE RIGHT OF PRIVACY

4. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of

FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiff; and

5. for such and other further relief as may be just and proper.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

6. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of the FDCPA violations and the negligent, reckless and wanton training and supervision of the Defendants at an amount to be determined at trial and for the Plaintiff; and

7. for such and other further relief as may be just and proper.

Dated: October 30, 2008                                      Respectfully submitted,

HAYS CAULEY, P.C.                                            BOND, BOTES, SYKSTUS,
                                                             TANNER & EZZELL, P.C.

By: *Penny Hays Cauley - signed*                             By: *Ronald C. Sykstus*
Penny Hays Cauley  w/ permission                             Ronald C. Sykstus, Esq.
P.O. Box 509                       rcs                       415 Church Street, Suite 100
Darlington, South Carolina 29540                             Huntsville, Alabama 35801
Telephone: (843) 393-5200                                    Telephone: (256)539-9899
Facsimile: (843) 393-5202                                    Direct Voice: (256)713-0221
Email: phc917@hayscauley.com                                 Facsimile: (256)539-9895
**Attorney for Plaintiff**                                   Email: rsykstus@bondnbotes.com
                                                             **Attorney for Plaintiff**